IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 15-cv-505-wmc

DALE ANTHONY LINNEMAN,
SHEILA RENEE LINNEMAN,
PREMIER COOPERATIVE, MICHAEL
P. NOETHE, OAK PARK DENTAL,
REDDY AG SERVICE, and MONTFORT
VETERINARY SERVICE, INC.,

        Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above-captioned matter having come before the Court to be heard, Honorable William M. Conley, United States District Judge for the Western District of Wisconsin, presiding without a jury, on February 24, 2016, the Plaintiff, United States of America ("Plaintiff"), having appeared by its attorney, the Office of the United States Attorney for the Western District of Wisconsin, and no appearance having been made on behalf of the Defendants herein except as may be noted on the record; and it appearing by the Declaration of Daniel Hugo Fruchter, Assistant United States Attorney, Office of the United States Attorney, on file herein, that Defendants are in default; and it further appearing that due notice of the Application for Judgment by Default has been made to the Defendants, and that a Certificate of Service was filed

with the Clerk of the United States District Court for the Western District of Wisconsin; and the Court having heard arguments from Plaintiff's counsel, therefore makes and files the following Findings of Fact and Conclusions of Law constituting its decision in this action.

## FINDINGS OF FACT

1. The allegations set forth in Plaintiff's complaint are proven true.

2. There is now due and unpaid on all Notes and Mortgages as of February 24, 2016, the following sums: *See* Attachment A.

3. No proceedings have been had at law or otherwise for the recovery of the sum secured by said Notes and Mortgages.

4. The mortgaged premises are described as follows:

> Part of the Southeast Quarter (S.E.1/4) of the Northeast Quarter (N.E.1/4) of Section Eleven (11) and part of the Southwest Quarter (S.W.1/4) of the Northwest Quarter (N.W.1/4) and the Northwest Quarter (N.W.1/4) of the Northwest Quarter (N.W.1/4) of Section Twelve (12), Township Five (5) North, Range Two (2) West of the 4th P.M., Liberty Township, Grant County, Wisconsin, said parcel being described as follows: Commencing at the East Quarter corner of said Section 11, said corner being the point of beginning;
> thence South 89° 13' 47" East 87.75 feet along the East-West Quarter line of said Section 12 to a point in the centerline of Rock School Road;
> thence Northerly 67.13 feet on the arc of a curve concave Easterly having a radius of 1750.00 feet and a long cord bearing North 15° 57' 02" East 67.13 feet to a point in said centerline;
> thence North 17° 02' 58" East 495.76 feet to a point in said centerline;
> thence North 15° 43' 53" East 721.30 feet to a point in said centerline;

2

      thence Northeasterly 127.06 feet on the arc of a curve concave Southeasterly having a radius of 150.00 feet and a long chord bearing North 39° 59' 51" East 123.29 feet to a point in said centerline;
      thence South 89° 08' 41" East 300.36 feet along the South line of the N.W.1/4 of the N.W.1/4 of said Section 12;
      thence North 06° 05' 36" West 208.70 feet;
      thence North 20° 03' 56" East 484.09 feet;
      thence South 87° 17' 44" West 815.69 feet;
      thence South 03° 43' 02" West 614.41 feet to the South line of the N.W.1/4 of the N.W.1/4 of said Section 12; thence North 89° 08' 41" West 107.53 feet along said South line to the Northeast corner of the S.E.1/4 of the N.E.1/4 of said Section 11;
      thence South 89° 44' 15" West 607.78 feet along the North line of the S.1/2 of the N.E.1/4 of said Section 11;
      thence South 17° 37' 21" West 831.00 feet;
      thence South 33° 13' 54" West 650.14 feet to the East-West Quarter line of said Section 11;
      thence North 89° 46' 18" East 1207.17 feet along said East-West Quarter line to the point of beginning.

5.    The real estate is so situated that it cannot be sold in parcels without injury to the interest of the parties, and a sale of the whole will be more beneficial to the parties hereto.

6.    The remaining chattel secured by the promissory notes and security agreements is described in Attachment B attached hereto.

7.    Notice of the pendency of this action was duly given on August 17, 2015, after the filing of the Complaint herein, by filing a Notice of Lis Pendens in the office of the Register of Deeds for Grant County, Wisconsin. This was done in the manner and form required by law, after the filing of the complaint herein, and more than twenty (20) days prior to the trial or other resolution of this action.

3

8. The Defendants have not served an Answer or other response and the Clerk of Court has duly entered the default of said Defendants.

9. No other proceedings have been held at law or otherwise for the recovery of the sum secured by the promissory notes, security agreements, continuation statements, financing statements, and mortgages.

10. Plaintiff is entitled to immediate possession of the items of security on which the Farm Service Agency has a security interest, set out in the Complaint on file herein, as listed in Attachment B.

## CONCLUSIONS OF LAW

1. Plaintiff is entitled to judgment of foreclosure of the secured chattel and premises in the usual form as prayed for in Plaintiff's Complaint in accordance with the above findings of fact.

2. Plaintiff is entitled to immediate possession of the items of security remaining in possession of the Defendants Dale Anthony Linneman and Sheila Renee Linneman, set out in Attachment B and in the Complaint on file herein.

3. The items of security may be sold individually or as a whole at a public or private sale, and the sale shall be conducted by or under the direction of the United States Marshal for the Western District of Wisconsin or the United States Department of Agriculture's Farm Service Agency.

4. That if necessary to secure possession of the chattel and premises, the Clerk of Court, upon application by Plaintiff, shall issue a Writ of Assistance.

4

5. The Defendants and all persons claiming under them subsequent to the filing of the notice of the pendency of this action be and hereby are forever barred and foreclosed of all right, title, interest, claim and equity of redemption in the chattel and mortgaged premises.

6. The mortgaged premises shall be sold as a whole.

7. The Defendants shall not be granted a right of redemption.

8. Sale of the premises shall be conducted by or under the direction of the United States Marshal for the Western District of Wisconsin. Notice of the sale shall be made by publication in <u>The Grant County Herald Independent</u>, the newspaper published in the City of Lancaster, Grant County, Wisconsin.

9. Proceeds from the sale of the subject premises shall be paid first to satisfy Defendants Dale Anthony Linneman and Sheila Renee Linneman's debt to the United States as set forth in Attachment A, plus necessary costs and disbursements.

10. Any remaining proceeds from the sale of the subject premises shall be subject to further order of the Court.

11. Deficiency judgment is not being sought in this action.

Now, on application of Plaintiff United States of America,

IT IS THEREFORE ORDERED that foreclosure of said mortgage in the usual form as provided by and in accordance with the above Findings of Fact and Conclusions of Law be entered in this action.

Dated this 24th day of February, 2016.

BY THE COURT:

WILLIAM M. CONLEY
United States District Judge

*United States v. Dale Anthony Linneman, et al.*

Case No. 15-cv-505-wmc

ATTACHMENT A

Notes and Mortgages

| | | |
|---|---|---|
| a. | Principal as of February 24, 2016 | $ 239,496.96 |
| b. | Interest as of February 24, 2016 | $ 64,660.48 |
| | Total as of February 24, 2016 | $ 304,157.44 |

Costs and Disbursements

| | | |
|---|---|---|
| c. | Filing of Notice of Lis Pendens | $ 30.00 |
| d. | United States Marshals Fees | $ 1,398.80 |
| | Total Costs & Disbursements | $ 1,428.80 |

**TOTAL AS OF FEBRUARY 24, 2016**          $305,586.24

ATTACHMENT B
UNITED STATES OF AMERICA V. DALE ANTHONY LINNEMAN, et al.
Case Number 15-cv-505-wmc

LIST OF ITEMS OF SECURITY

A. All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which were planted by Dale Anthony Linneman and Sheila Renee Linneman in Grant County, Wisconsin, after the Security Agreement was signed on January 15, 2007, or otherwise become growing or harvested crops or other plant products (1) within the one-year period or any longer period of years permissible under State law, or (2) at any time after the Security Agreement was signed on January 15, 2007, if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted or harvested by Dale Anthony Linneman and Sheila Renee Linneman in Grant County, Wisconsin.

B. All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Defendants Dale Anthony Linneman and Sheila Renee Linneman, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following:

| ITEM NO. | QTY | DESCRIPTION | MANUFACTURER | SIZE AND TYPE | SERIAL OR MODEL NO. |
|---|---|---|---|---|---|
| 1 | 1 | Bale Throw Wagon | Wooden | 16ft | |
| 2 | 1 | Gravity Box | | 225 bu | |
| 3 | 1 | Skid Loader acces. | Bucket | Grppl/2-1-t | |
| 4 | 1 | Throw Bale Wagon | Steel | 16' | |
| 5 | 4 | Round Bale Feeders | | | |
| 6 | 1 | Hay Feed Wagon | | 18' | |
| 7 | 1 | Silage Blower | IHC | #56 | |
| 8 | 1 | Flat Hay Rack/Gear | Wood Bed | 16' | |

| 9 | 1 | Moldboard Plow | John Deere | 4 – 16" 3 pt. | |
|---|---|---|---|---|---|
| 10 | 1 | Cross Auger | Hotchinson | 40' | |
| 11 | 1 | Barge Wagon | Steel | 100 bu | |
| 12 | 1 | Semen Tank | | 10 gallon | |
| 13 | 3 | Barn Fans on Barn | | 48" | |
| 14 | 1 | Flail Chopper | Gehl | 72 | |
| 15 | 6 | Milking Units | Westfalia | | |
| 16 | 1 | Bulk Tank | Mueller | 2000 gallon | |
| 17 | 1 | Cattle Oiler | | | |
| 18 | 1 | Utility Trailer | | 5' x 8' | |
| 19 | 2 | Cattle Feeders | | 12'-Metal w/bar panel | |
| 20 | 1 | Manure Spreader | Gehl | 1287 | 5156 |
| 21 | 1 | Bedding Chopper | Agromatic | | |
| 22 | 25 | Calf Hutches | Polydome | 16 round, 4 square | |
| 23 | 1 | Tractor | IHC | 1466 | 2650116U009115 |
| 24 | 1 | Alternator | Winpower | 50/130 | 91364410B |
| 25 | 1 | Liquid Manure Spreader | Badger | 3000 GL | 8700L |

C. All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Defendants Dale Anthony Linneman and Sheila Renee Linneman, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following:

| ITEM NO. | QTY | DESCRIPTION | BREED | COLOR |
|---|---|---|---|---|
| 1 | 25 | Goats - Does | | |
| 2 | 15 | Goats – Goat Kids – Kids/Doeings | | |

2

| 3 | 1 | Livestock – Other – Small Open Heifers/Calves | Holstein | B/W |
| 4 | 1 | Livestock – Other – Bull | Hereford | R/W |
| 5 | 1 | Livestock – Other – Bred Heifers | Holstein | B/W |
| 6 | 1 | Livestock – Other – Heifers | Holstein | B/W |

3